IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.**

RONDEL HAUGHTON

    Plaintiff,

-vs-

UNITED STATES DEPARTMENT OF EDUCATION

    Defendant.

_____/

**COMPLAINT**

**INTRODUCTION**

1. Pursuant to the Little Tucker Act, 28 U.S.C. § 1346, Plaintiff, Rondel Haughton, brings this action to recover funds that were illegally exacted from him by Defendant the UNITED STATES DEPARTMENT OF EDUCATION.

2. In 2013 and 2014 an unknown person falsely purporting to be Rondel Haughton unlawfully caused his e-signature to be affixed to two Master Promissory Notes for Federal Direct Parent Plus student loans.

3. In the years 2017, 2018, 2019, and 2020 the United States Department of Education illegally exacted funds owed to Mr. Haughton by offsetting and intercepting his federal income tax refunds to pay for the forged student loan debts.

4. Because these forged debts were not legally enforceable against Rondel Haughton, he is entitled to a return of all funds illegal exacted by the Department of Education.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to the Little Tucker Act, 28 U.S.C § 1326, and the Claims Collection Act, 31 USC 3720A.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events transpired in this district.

## PARTIES

7. Plaintiff RONDEL HAUGHTON is an adult residing in Miami-Dade County, Florida.

8. Defendant UNITED STATES DEPARTMENT OF EDUCATION is an agency of the United States.

## FACTUAL ALLEGATIONS

9. On or around December 31, 2013, an unknown person caused Plaintiff's e-signature to be affixed to a Master Promissory Note for a William D. Ford Federal Direct Loan Program parent plus student loan. A copy of this Master Promissory Note, redacted in accordance with Fed. R. Civ. P. 5.2(a), is attached as Exhibit A.

10. Whomever caused Plaintiff's e-signature to be affixed to this Master Promissory Note did so without Plaintiff's knowledge or consent.

11. The loan in question was ostensibly taken out to allow student Whitney T. Hamilton to attend Southeastern University in Lakeland Florida. Plaintiff himself has never attended Southeastern University and did not benefit in any way from the disbursement of the proceeds of this loan.

12. Whomever caused Plaintiff's e-signature to be affixed to the Master Promissory Note misspelled his name.

13. The correct spelling of Plaintiff's first name is "RONDEL" with one "L." The person who forged Plaintiff's e-signature on the Master Promissory Note incorrectly spelled his name as "RONDELL" with two "LL"'s.

14. This misspelling of Plaintiff's name is also found in section 6 of the Master Promissory Note.

15. This Master Promissory Note contains several other discrepancies which are factually inaccurate and inconsistent with Plaintiff's personal information.

16. In the "References" section of the Master Promissory Note, Heather Hamilton is incorrectly named as being Rondel Haughton's mother.

17. The e-mail address listed in the Master Promissory Note for Rondel Haughton is hamiltonh4@yahoo.com.

18. Mr. Haughton has never used hamiltonh4@yahoo.com as his e-mail address.

19. The "permanent" street address listed on the Master Promissory Note for Rondel Haughton is 16890 NE 4th Place, North Miami Beach, Florida, 33162.

20. Rondel Haughton's permanent street address at the time his e-signature was forged on the Master Promissory Note was 1240 NE 162nd Street, North Miami Beach, Florida. Mr. Haughton listed the 1240 NE 162nd Street address as his home address on his 2013 federal income tax returns, his Florida driver's license throughout 2013, and on numerous other documents from that time period which required him to list his home address.

21. On August 14, 2014, an unknown person again caused Rondel Haughton's e-signature to be affixed to a Master Promissory Note for a William D. Ford Federal Direct Program parent plus student loan ("2014 Master Promissory Note"). A copy of this 2014 Master Promissory Note, redacted in accordance with Fed. R. Civ. P. 5.2(a), is attached as Exhibit B.

22.     Whomever forged Mr. Haughton's e-signature on the 2014 Master Promissory Note again misspelled his name as "RONDELL" with two "LL"'s, instead of using the correct spelling of "RONDEL" with one "L".

23.     The same factual inaccuracies that were present in the 2013 Master Promissory Note regarding the name of Mr. Haughton's mother, his email address, and his "permanent" street address are also contained in the 2014 Master Promissory Note.

24.     As with the 2013 Master Promissory Note, the person who affixed Mr. Haughton's e-signature to the 2014 Master Promissory Note did so without his knowledge or consent.

25.     As with the 2013 Master Promissory Note, the 2014 Master Promissory Note was also taken out as a parent plus loan to allow student Whitney Hamilton to attend Southeastern University. Plaintiff Rondel Haughton himself did not attend Southeastern University and did not receive the proceeds of or benefit from the August 14, 2014 loan.

26.     Plaintiff acknowledges that he was in a relationship with Heather Hamilton in 2013 and 2014 and both Heather Hamilton and her daughter Whitney Hamilton had access to his personal information.  Plaintiff denies, however, that he ever authorized either of the Hamiltons, or anyone else, to use his personal information to take out the loans at issue.

27.     In 2017 the U.S. Department of Education, using its powers under the Treasury Offset Program, referred the debts which arose from the forged 2013 and 2014 Master Promissory Notes to the U.S. Department of Treasury to institute collection action against the Plaintiff.

28.     On or around February 27, 2017, the Department of Education illegally exacted the amount of $2,236.00 from the federal income tax refund owed to Rondel Haughton to apply to the debt associated with forged 2013 and 2014 Master Promissory Notes.

29.     On or around March 12, 2018, the Department of Education exacted the amount of

$2,038.00 from the federal income tax refund owed to Mr. Haughton to apply towards the debt associated with the forged 2013 and 204 Master Promissory Notes.

30. On or around April 10, 2019, the Department of Education exacted the amount of $276.00 from the federal income refund owed to Mr. Haughton to apply towards the debt associated with the forged 2013 and 2014 Master Promissory Notes.

31. On or around February 28, 2020, the Department of Education exacted the amount of $350.00 from the federal income tax refund owed to Mr. Haughton to apply towards the debt associated with the forged 2013 and 2014 Master Promissory Notes.

32. After learning from the U.S. Treasury Department that the funds exacted from his tax refunds had been used to pay down a student loan debt which he never took out, Mr. Haughton contacted the Department of Education and its servicing agent, Credit Adjustments Inc,. to dispute that he owed student loans and obtain verification of the alleged debt.

33. In March 2019 Mr. Haughton was provided, for the first time, with copies of the 2013 and 2014 Master Promissory Notes which purportedly bore his (misspelled) e-signature.

34. Upon receiving copies of the forged promissory notes, Mr. Haughton disputed the validity of the debt with the Department of Education and requested that the exacted funds be returned to him.

35. Prior to filing this lawsuit, Mr. Haughton provided the Department of Education with numerous documents supporting his contention that his e-signature was forged on the Master Promissory Notes. These documents include a police incident report for identity theft that Haughton filed with the North Miami Beach, Florida Police Department; a Federal Trade Commission Identity Theft Report (signed under penalty of perjury); two applications for discharge of the forged student loans (both of which were signed under penalty of perjury); his

own personal Declaration signed under penalty of perjury; and several official documents (including his 2013 and 2014 federal income tax returns) executed during the same time period which bear his actual signature.

36. Despite the obvious factual discrepancies regarding Mr. Haughton's personal information that appear on the face of both Master Promissory Notes and the numerous documents he has submitted to support his claim of identity theft, the Department has steadfastly refused to return any of the exacted funds to him.

37. In several letters of correspondence sent to Mr. Haughton, the Department has explained its rationale for refusing to return the exacted finds to him as follows, "The documentation that you submitted is not sufficient for us to verify that you are not the individual who owes this debt."

38. The Department has not identified any evidence it has in its possession which would contradict Mr. Haughton's claim that his e-signature on the Master Promissory Notes was legitimate.

39. The Department has asserted to Mr. Haughton that it will continue to use its powers under the Treasury Offset Program to exact additional funds from him, unless he enters into a repayment plan for the debt he disputes owing.

## CLAIM FOR RELIEF
### Illegal Exaction

40. Plaintiff realleges the forgoing paragraphs as set forth herein.

41. The Plaintiff brings this case under the Little Tucker Act, 28 U.S.C. 1346(a), which states in pertinent part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: . . . (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the

Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41.

42. The Tucker Act waives sovereign immunity and provides jurisdiction to recover an illegal exaction by government officials when the exaction is based on an asserted statutory power.

43. "An illegal exaction claim arises when money is 'improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Wagstaff v. U.S.* 105 Fed. Cl. 99, 111 (Fed. Cl. 2012) (quoting *Norman v. U.S.* 429 F. 3d 108(Fed. Cir. 2005.))

44. In the instant case, the U.S. Department of Education was able to exact funds which should have paid to Mr. Haughton only through a misapplication of 31 U.S.C. § 3720A, the statute which authorizes the Treasury Offset Program for income tax refunds.

45. In relevant part, 31 USC § 3720A(c) holds,

Upon receiving notice from any Federal agency that a named person owes to such agency a past-due *legally enforceable debt*, the Secretary of the Treasury shall determine whether any amounts, as refunds of Federal taxes paid, are payable to such person. If the Secretary of the Treasury finds that any such amount is payable, he shall reduce such refunds by an amount equal to the amount of such debt, pay the amount of such reduction to such agency, and notify such agency of the individual's home address. Emphasis added.

46. For the U.S. Department of Education to use the Treasury Offset Program to exact money from Mr. Haughton's income tax refunds, the debt which it sought to collect from him must have been a legally enforceable debt.

47. However, because Haughton's signature was forged on the Master Promissory Notes without his knowledge or permission, the debt for which the Department exacted his funds was not legally enforceable against him.

48.     The Department itself has recognized that a signature on a forged debt instrument is not legally enforceable against the victim of the forgery. In Electronic Announcement 2020-02-12, which was published on the Federal Student Aid website on February 12, 2020, the Department stated:

> Under common law, a creditor has the burden of proving that an individual in fact obtained a loan that the creditor seeks to enforce. An individual is generally not liable on an instrument that the individual did not sign. Thus, common law provides a well established doctrine that an individual may defend a claim for repayment by disputing the authenticity of his or her signature on the loan agreement and adducing sufficient evidence to shift the burden on the creditor of proving that the individual in fact signed the loan agreement (or that the individual in fact received the benefits of the loan either directly or "in kind"). *The doctrine that the Department, like any other creditor, must prove the authenticity of the signature arises under common law independently of, and in addition to, any statutory authority that may address other loan discharges or defenses.*[1] (Emphasis added)

49.     In *Ibrahim v. U.S.* 112 Fed. Cl. 333, 337 (Fed. Cl. 2013), the U.S. Court of Federal Claims reviewed an illegal exaction Tucker Act claim brought by an identity theft victim and held, "Plaintiff claims the government wrongly determined that plaintiff owes a 'past due legally enforceable debt' because plaintiff suggests another individual used plaintiff's information to obtain the federal student loan under the name of Grant K. Anderson. Thus, plaintiff claims that the ED misapplied § 3720A when it offset plaintiff's tax refund to satisfy another individual's debt . . . Because the court construes plaintiff's complaint to assert a claim for illegal exaction by means of an improper offset, this court has jurisdiction over plaintiff's claim to recover $1,928, the amount of plaintiff's tax refund that was offset to pay the student loan debt."

50.     In the instant case, because the debt in question is not legally enforceable against

---

[1] Electronic Announcement 2020-02-12 is available at: https://ifap.ed.gov/electronic-announcements/021220form4forgeryloandischargeprocess4edheldloans

Mr. Haughton, he is entitled to recover all of the funds that the U.S. Department of Education has illegally exacted from his income tax refunds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and order for relief as follows:

    a)    Award Plaintiff relief in the amount of $4,900.00, which is the sum total of the funds that have illegally exacted from him;

    b)    Award Plaintiff expenses of this litigation including reasonable attorney's fees;

    c)    Award all such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Matt Bayard
Matt Bayard Esq.
Fla, Bar No.  32209
LEGAL SERVICES OF GREATER MIAMI, INC.
Attorney for Plaintiff
4343 W. Flagler Street, Suite 100
Miami, Florida 33134
Telephone: (305) 438-2413
Facsimile: (305) 438-2413
Primary e-mail: mbayard@legalservicesmiami.org

By: /s/ Jeffrey M. Hearne
Jeffrey M. Hearne Esq.
Fla. Bar. No. 512060
LEGAL SERVICES OF GREATER MIAMI, INC.
Attorney for Plaintiff
4343 W. Flagler Street, Suite 100
Miami, Florida 33134
Telephone: (305) 438-2403
Facsimile: (305) 438-2403
Primary e-mail: jhearne@legalservicesmiami.org