UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-cv-21601-MCG

RONDEL HAUGHTON,

      **Plaintiff,**

  vs.

UNITED STATES DEPARTMENT OF
EDUCATION,

      **Defendant.**
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S DISCOVERY MEMORANDUM REGARDING PAYMENT FOR DEPOSITION OF PLAINTIFF'S EXPERT

Defendant, United States Department of Education (the "United States") through the undersigned Assistant United States Attorney, responds as follows to Plaintiff's Discovery Memorandum seeking a protective order for deposition of Plaintiff's expert witness Frank Norwitch [ECF No. 26]. Neither party disagrees that Mr. Norwitch, as an expert designated by Plaintiff to testify at trial, is subject to being deposed by the United States. *See* Fed. R. Civ. P. 26(b)(4)(A) (party may depose any person identified as expert whose opinions may be presented at trial). However, Mr. Norwitch has refused to provide his payment information to the United States Attorney's Office, and instead insists on a unique payment arrangement. As a result, Mr. Norwich has advised he will refuse to appear for his scheduled May 9, 2022 deposition, and has also advised that will not be available for deposition prior to the Scheduling Order's expert discovery cutoff date of May 20, 2022 [ECF No. 17]. Plaintiff and Defendant have conferred and were unable to come up with a solution.

### I. Discussion

Plaintiff's motion is styled as one asking the court to compel the United States to "pay" for expert fees, with the implication that the United States refuses to do so. In reality, Mr. Norwitch has refused to make his payment information available to the United States Attorney's Office. There is no issue whether the United States will pay Mr. Norwitch for the time spent giving his deposition, only whether Mr. Norwitch is entitled to special treatment.

1

When the request was first made for Mr. Norwitch's testimony, Mr. Norwitch initially made several demands, including pre-payment for his deposition, a two-hour guarantee, and eighteen percent penalty on late payments. Mr. Norwitch's initial demands were unreasonable, unworkable, and contrary to the applicable law.

Federal Rules of Civil Procedure 26(b)(4)(C)(i) provides that in the absence of manifest injustice, the court must require the party seeking discovery to pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A). Plaintiff's counsel was timely advised that pursuant to 31 U.S.C. § 3324(b), the United States could not pre-pay for Mr. Norwitch's deposition. In its simplest terms, the statute prohibits the government from paying for services before they have been rendered. S*ee* 31 U.S.C. § 3324(b) (prohibiting advance payments of public monies except when permitted by a specific appropriation, law, or Presidential authorization); *see also* Justice Manual Section 3-8.600 (same). *See also The Floyd Acceptances*, 74 U.S. 666, 682 (1868) ("But if these acceptances can be considered as payments, they were payments in advance of the service rendered and supplies furnished -- payments made before anything was due. They are in that view not only without authority of law, but are expressly forbidden by the [Act].") There is no exception for litigation expenses, including expert depositions. Thus, the United States is prohibited by law for either pre-paying for Mr. Nonwitch's deposition, or for guaranteeing a two-hour minimum deposition fee. Neither Plaintiff nor Mr. Norwitch provided legal authority to the contrary.

Second, Plaintiff's counsel was timely advised that pursuant to the Prompt Payment Act, 31 U.S.C. Ch. 39, the United States could not agree to Mr. Norwitch's demand for an eighteen percent interest rate penalty on late payments. The rate of interest charged for late payments is established by the Secretary of the Treasury, and published in the Federal Register, which is in effect at the time the agency or contractor accrues the obligation to pay the penalty. Neither Plaintiff nor Mr. Norwitch provided legal authority to the contrary.

Mr. Norwitch ultimately relented on these issues. Now believing the deposition could proceed, on April 29, 2022 undersigned counsel timely requested Mr. Norwitch's W-9 and a completed copy of the United States Attorney's Office's "USAO Vendor Form" **(Exhibit 1)** in order to set up prompt payment for Mr. Norwitch. The is the standard form provided by the USAO to every vendor and every expert, in compliance with the USAO's procedures.

Section 3332, title 31 United States Code, generally requires that all nontax federal payments be made by electronic funds transfer ("EFT"), unless waived by the Secretary of the Treasury. *See* 31 U.S.C. § 3332(f). 31 C.F.R. Part 208 implements the requirements of 31 U.S.C. § 3332. Subject to certain narrow exceptions (none of which apply to Mr. Norwitch), all federal payments made by an agency shall be made by electronic funds transfer. *See* 31 C.F.R. § 208.3. "Federal payment" means any payment made by an agency, including, but not limited to vendor and expense reimbursement payments. *See* 31 C.F.R. § 208.2. "Agency" means any department, agency, or instrumentality of the United States Government. *Id*.

In order for the USAO to comply with its mandate to pay its vendors via EFT, it must have the vendor's Taxpayer Identification Number ("TIN") and the vendor's EFT information. Unfortunately, Mr. Norwich has refused to provide this information, and so the United States cannot agree to a deposition contract which does not contemplate appropriate terms of payment. Neither Plaintiff nor Mr. Norwitch have provided a factual or legal basis for why he is a special case. Plaintiff counsel's offer to have his office be the "conduit" through which Mr. Norwitch's fees are paid [ECF No. 26, p. 3] is unworkable, as the Mr. Norwitch is individual providing services, not Legal Services of Greater Miami.

Plaintiff's attempt to portray this as a case of the government unfairly trying to refuse payment to their expert is misguided. As with any expert witness, the United States will pay Mr. Norwitch for his time giving his deposition after the deposition is concluded and a proper invoice is submitted to the United States. Unfortunately, Mr. Norwitch's unreasonable demand for special treatment has derailed his scheduled May 9th deposition, as Mr. Norwitch has indicated he will refuse to appear. As per the Scheduling Order [ECF No. 17], the deadline for completing expert discovery is May 20th.

**WHEREFORE**, for the reasons set forth above, the United States prays that the Plaintiff's Motion for Protective Order regarding the deposition of Mr. Norwitch be denied.

/
/
/
/
/

3

4

Dated: May 6, 2021                             Respectfully submitted,

                                                                  **JUAN ANTONIO GONZALEZ**
                                                                  **UNITED STATES ATTORNEY**

By:     *John S. Leinicke*
        JOHN S. LEINICKE
        ASSISTANT UNITED STATES ATTORNEY
        Fla. Bar. 64927
        99 N.E. 4th Street, 3rd Floor
        Miami, Florida 33132
        Tel: (305) 961-9212
        Email: john.leinicke@usdoj.gov