UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case No. 21-21601-Civ-DAMIAN**

RONDEL HAUGHTON

Plaintiff,

    -vs-

UNITED STATES DEPARTMENT OF EDUCATION

Defendant
_____/

## **PARTIES' STIPULATION OF DISMISSAL**

Plaintiff, Rondel Haughton, and Defendant, United States Department of Education, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, agree that this action be dismissed with prejudice as to all causes of action in the complaint against Defendant, United States Department of Education, with each party bearing their respective attorney's fees and costs. Per the terms of the attached Settlement Agreement and Release, the parties jointly request that the Court retain jurisdiction to enforce the terms of the Agreement, should the same be necessary.

Respectfully submitted,

**Matt Bayard**
Matt Bayard Esq.
Florida Bar No. 033209
Jeffrey M. Hearne Esq.
Florida Bar No. 512060
(305) 438-2413
**LEGAL SERVICES OF GREATER MIAMI, INC**
4343 W. Flagler St., Ste. 100
Miami, FL 33134
Email: mbayard@legalservicesmiami.org

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

**Anthony Erickson-Pogorzelski**
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:21-cv-21601-DAMIAN

RONDEL HAUGHTON,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF
EDUCATION,

    Defendant.
_____/

### SETTLEMENT AGREEMENT AND RELEASE

It is hereby stipulated and agreed by and between Plaintiff **Rondel Haughton** ("Plaintiff") and Defendant **United States Department of Education** ("Defendant") (collectively, "the Parties") by and through their respective attorneys, as follows:

**WHEREAS** the Parties wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, relating to the Direct PLUS loan disbursed on September 23, 2014 to Southeastern University on behalf of the borrower identified as "RONDELL E. HAUGHTON" in the amount of $9,250.00 (the "Loan"), which have transpired prior to the execution of this Settlement Agreement and Release ("Agreement"), and;

**WHEREAS** Plaintiff has commenced litigation in the United States District Court for the Southern District of Florida, identified as Case No. 1:21-cv-21601-DAMIAN;

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is agreed as follows:

FIRST: Plaintiff and Defendant release and forever discharge except as expressly stated herein, each other, their past and present respective officers, agents, and employees from any and all claims, demands, suits, rights, damages, charges, administrative remedies, and causes of action of any and every kind, nature, and character, known and unknown, which they may now have or have ever had which arose in whole or in part from the Loan and which are based upon incidents, occurrences, or actions taking place prior to the execution of this Agreement ("Claims"). This Agreement expressly excludes and excepts any and all claims of any party other than Plaintiff responsible in whole or in part for the Loan. Plaintiff further agrees that, upon execution of this Agreement, he shall stipulate to the dismissal with prejudice of the litigation pending in the United States District Court for the Southern District of Florida, identified as Case No. 1:21-cv-21601-DAMIAN, with the Court to retain jurisdiction to enforce the terms of the Agreement. Before or upon dismissal, Defendant shall take steps to report the deletion of the current defaulted tradeline connected with the Loan to Transunion, Equifax, and Experian ("Credit Reporting Agencies"). Plaintiff understands and acknowledges that, beyond deleting the foregoing tradeline, Defendant lacks the power to further influence any notation or report made by the Credit Reporting Agencies with respect to the Loan. Plaintiff will hold Defendant harmless for any error or omission on the part of the Credit Reporting Agencies after Defendant deletes the foregoing tradeline. Should a consumer reporting agency ever notify Defendant that Plaintiff is disputing the tradeline associated with the Loan, Defendant will not verify the tradeline or will confirm that the tradeline should be deleted. The Parties further agree that the Master Promissory Notes dated December 31, 2013 and August 11, 2014 which bear the signature of "rondell e haughton" are hereby terminated, cancelled, and cannot be enforced.

SECOND: This Agreement shall not in any way be construed as an admission by the Defendant that it acted wrongfully with respect to Plaintiff or that there was any liability or wrongdoing on the part of Defendant with regard to Plaintiff. Defendant specifically disclaims any liability to, or wrongful acts against, Plaintiff on the part of its officers, agents, or employees.

Page 2 of 6



THIRD: The Parties agree that the Secretary of the Department of Education shall discharge as to Plaintiff the remaining principal balance and accrued interest of the Loan, all pursuant to Title 20 U.S.C. § 1082(a)(4) and without prejudice to certification or collection of same against any and all other responsible parties. Upon execution of this agreement, Defendant shall cease and shall cause any third-party agents acting on its behalf to cease, all collection activity associated with the discharged debts as directed towards Plaintiff.

FOURTH: The Parties agree that each party to this Agreement shall bear their own attorneys' fees and costs incurred in connection with this entire matter, including but not limited to those costs and fees incurred in the negotiation, drafting, and implementation of this Agreement.

FIFTH: Except as otherwise stated herein, the Parties expressly acknowledge that this Agreement is intended to effect, without limitation, a full and final release of all Claims, known or unknown, undisclosed or unanticipated, which may have arisen, or may arise from the Loan. Plaintiff acknowledges that different or additional facts may be discovered in addition to what he knows or believes to be true with respect to the Claims released, and that he agrees that this Agreement will remain in effect in all aspects as a full and final release of the Claims, notwithstanding different or additional facts.

SIXTH: Plaintiff represents that he is the sole possessor of the Claims being released and that he has not assigned or otherwise transferred any Claims.

SEVENTH: Plaintiff agrees that at no time subsequent to the date of this Agreement will he commence, maintain, or prosecute any action, at law or otherwise, or assert any claim against the Defendant related to the Claims released, and/or execute or enforce any judgment against Defendant for damages, losses, declaratory judgment, or equitable relief related to the Claims released.



EIGHTH: Plaintiff understands and agrees that this Agreement shall bind and be binding upon his heirs, personal representatives, spouse, executors, administrators, and assigns.

NINTH: This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

TENTH: The Parties agree that should any provision of this Agreement be declared or determined by any court to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and in effect.

ELEVENTH: This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. There are no oral side agreements or understandings. No other promises or agreements shall be binding unless signed by the Parties.

TWELFTH: The Parties agree that should a dispute arise regarding the implementation of this Agreement, the party alleging the breach or violation of the Agreement will notify the other party's attorney in a writing that provides sufficient information concerning the nature of the alleged breach or violation, and will allow thirty (30) days from the opposing party to cure or otherwise address the alleged breach or violation. It is the intent of this subparagraph to allow the Parties a reasonable time to correct any real or perceived difficulties arising from the implementation of this Agreement prior to taking any further action. If the dispute cannot be resolved, either Party may file a motion before the Court seeking to enforce the terms of this Agreement. It is further agreed that in the event of any dispute concerning the terms of this Agreement, or the implementation of the terms thereof, contract law applies to the interpretation of this Agreement.

THIRTEENTH: Plaintiff represents and agrees that he is of legal age and mentally competent to execute this Agreement and fully understands his right to discuss this Agreement



with an attorney; that to the extent, if any, he desired, he has availed himself of this opportunity; that he has carefully read and fully understands all the provisions of this Agreement; and that he is voluntarily entering into this Agreement with full understanding of its legal consequences and without any duress or pressures. Plaintiff further agrees that this Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

FOURTEENTH: The Parties agree that the terms of this Agreement are binding only on the Parties themselves and are based on specific circumstances related to this matter alone. No precedent is established by this Agreement.

FIFTEENTH: The Parties agree that neither the Agreement nor any of the terms of the Agreement may be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action or proceeding (other than proceedings that may be necessary to consummate or enforce the Agreement).

SIXTEENTH: Nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement, if any, and Plaintiff is executing this Agreement without reliance on any representation by Defendants as to the application of any such law. The Parties acknowledge that this Agreement constitutes a settlement of a disputed debt.

SEVENTEENTH: It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

/

/ 

Page 5 of 6

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT AND RELEASE

### Haughton v. United States Dept. of Education

### SDFL Case No. 1:21-cv-21601-DAMIAN

By: _____
RONDEL HAUGHTON
Plaintiff

*Executed this 8 day of July, 2022*

By: _____
MATT BAYARD, ESQ.
Florida Bar No. 0032209
JEFFREY M. HEARNE, ESQ.
Florida Bar No. 512060
Legal Services of Greater Miami, Inc.
4343 West Flagler Street, Suite 100
Miami, FL 33134
Tel: (305) 438-2413
Email: mbayard@legalservicesmiami.org
Email: jhearne@legalservicesmiami.org

Attorneys for Plaintiff Rondel Haughton

*Executed this 8 day of July, 2022*

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
JOHN S. LEINICKE
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 64927
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9212
Email: john.leinicke@usdoj.gov

Attorney for Defendant United States Department of Education

*Executed this 13 day of July, 2022*